IN THE MATTER OF SHARMAN M. MEADE-MURPHY.
(Supreme Court Disciplinary Nos. 676, 680)
(410 SE2d 99)

Per curiam.

The State Bar of Georgia filed two formal complaints against Respondent Sharman M. Meade-Murphy, an attorney licensed to practice law in the State of Georgia. In Supreme Court Docket No. 676, the Bar alleged that Respondent had engaged in conduct which demonstrated that she is "want of a sound mind" within the meaning of Bar Rule 4-104 (a), and that she should therefore be removed from the practice of law. In Supreme Court Docket No. 680, the Bar alleged that Respondent had violated Standards 4, 45 (b), and 47 of Bar Rule 4-102 (d), and that she should be disbarred.

Respondent moved for a trial by jury pursuant to Bar Rule 4-214. Subsequently the State Bar moved for summary judgment in both cases. The Special Master denied the Bar's motions for summary judgment, finding that there were genuine issues of fact to be decided by the jury.

These matters were then transferred to the Superior Court of Fulton County, Bar Rule 4-214, and the State Bar moved that court to review the rulings of the Special Master under Bar Rule 4-215 (d). The Superior Court reversed the Special Master. The court found that Respondent had filed four lawsuits in the United States District Court for the Northern District of Georgia. All four cases had been dismissed, with costs awarded to the defendant in three of them. Despite these dismissals, on two separate occasions Respondent filed affidavits of garnishment in the amount of 30 million dollars in the State Court of Fulton County, representing to the court in each instance that she had prevailed in the aforementioned litigation. These actions were subsequently dismissed. The trial court determined that Respondent's conduct constituted a violation of Standards 4 and 45 (b) of Bar Rule 4-102. The trial court further found that Respondent violated Standard 47 of Bar Rule 4-102 in that she directly communicated with an opposing party in this litigation who was represented by counsel without first obtaining consent of counsel. The trial court found that Respondent had neither refuted nor attempted to justify

her conduct, and that summary judgment in favor of the State Bar was therefore appropriate. The trial court did not address the allegations regarding Respondent's mental impairment.

The Review Panel of the State Disciplinary Board accepted and approved the findings of the Superior Court of Fulton County. The Review Panel consequently found that Respondent violated Standards 4, 45 (b), and 47 of Bar Rule 4-102 (d), and recommended that she be disbarred.

We have reviewed the record in this case and approve and adopt the recommendation of the Review Panel. It is ordered that Sharman M. Meade-Murphy be disbarred from the practice of law in the State of Georgia, and that her name be stricken from the roll of attorneys.

*All the Justices concur.*

DECIDED NOVEMBER 14, 1991.

*William P. Smith III, General Counsel State Bar, E. Duane Cooper, Assistant General Counsel State Bar,* for State Bar of Georgia.